IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOYCE ALSTON,                  )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:12CV452
                               )
BECTON, DICKINSON and          )
COMPANY,                       )
                               )
          Defendant.           )

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court for disposition of Defendant's Partial Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) (Docket Entry 6).[1] For the reasons that follow, the Court will grant in part and deny in part the instant Motion in that the Court will dismiss Plaintiff's claims for violations of the North Carolina Persons with Disability Protection Act and the North Carolina Wage and Hour Act, as well as Plaintiff's claims for negligent infliction of emotional distress, wrongful discharge in violation of public policy for age discrimination, wrongful discharge in violation of public policy for retaliatory discharge for complaints under the North Carolina Wage and Hour Act, and wrongful discharge in violation of public policy for retaliatory discharge for filing a worker's compensation claim, but the Court will deny the instant Motion as to Plaintiff's claim for violation of the Fair Labor Standards Act.

---

[1] The Parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 11.)

BACKGROUND

The instant action arises primarily from Plaintiff's termination from her employment with Defendant. (See Docket Entry 3.) According to the Complaint, that termination occurred after Plaintiff returned from leave under the Family Medical Leave Act subsequent to surgery on her wrist for carpal tunnel syndrome. (See id., ¶¶ 27-42.) The Complaint also alleges that, during Plaintiff's employment, she was forced to work overtime in order to keep up with an increased workload resulting from the departure of certain colleagues (see id., ¶¶ 11-19, 58) and that Defendant did not compensate her for that overtime (see id., ¶ 61). As a result of these events, the Complaint asserts claims under headings entitled: "Americans with Disability Act (ADA), 42 U.S.C. §12101, et seq, ADA Amendments Act of 2008 (ADAAA) and North Carolina Persons with Disability Protection Act (NCPDPA), N.C. Gen. Stat. §168A" (id., ¶¶ 48-54), "Fair Labor Standards Act [(FLSA)], § 29 U.S.C. §201 et seq and North Carolina Wage and Hour Act [(NCWHA)], N.C. Gen. Stat. § 95-25.1 et seq." (id., ¶¶ 55-62), "Wrongful Discharge in Violation of North Carolina Public Policy, N.C. Gen. Stat. § 143-422 et. Seq." (id., ¶¶ 63-68), "Family Medical Leave Act, 20 U.S.C. §201 et seq." (id., ¶¶ 69-74), and "Negligent Infliction of Emotional Distress" (id., ¶¶ 74-75).

Defendant now moves to dismiss Plaintiff's claims for violations of the NCPDPA, FLSA, and NCWHA, as well as Plaintiff's claims for negligent infliction of emotional distress and wrongful discharge in violation of public policy for any of age

discrimination, retaliatory discharge for complaints under the NCWHA, or retaliatory discharge for filing a worker's compensation claim. (See Docket Entry 6 at 1-2.) Plaintiff responded (Docket Entry 8) and Defendant replied (Docket Entry 9).

By way of her Response, Plaintiff concedes that she does not have a claim under the NCWHA and clarifies that she does not pursue any claims due to age discrimination. (See Docket Entry 8 at 11.)[2] Moreover, Plaintiff did not respond to Defendant's arguments regarding the insufficiency of her claim for negligent infliction of emotional distress (see Docket Entry 8) and, thus, the Court will deem that claim abandoned and will grant Defendant's instant Motion as to that claim as uncontested, see M.D.N.C. LR7.3(k). Accordingly, only Plaintiff's claims for violations the NCPDPA and the FLSA, as well as for wrongful discharge in retaliation for filing a worker's compensation claim, remain for discussion.

## DISCUSSION

Although the Court looks to North Carolina law in analyzing Plaintiff's substantive state law claims, "pleading standards are a matter of procedural law governed in this Court by federal, not state, law." McFadyen v. Duke Univ., 786 F. Supp. 2d 887, 920

---

[2] Plaintiff's Response states that Plaintiff "concedes that her claims under [the NCWHA] are barred since her claim is covered under FLSA" (Docket Entry 8 at 11), but does not indicate whether her reference to "claims" is intended to include her wrongful discharge claim based on violation of the NCWHA, id. Regardless, Plaintiff failed to respond to Defendant's argument regarding her wrongful discharge claim based on violation of the NCWHA in her Response (see Docket Entry 8) and, accordingly, the Court will deem that claim abandoned and will grant Defendant's instant Motion as to that claim as uncontested, see M.D.N.C. LR7.3(k).

-3-

(M.D.N.C. 2011) (Beaty, C.J.) (citing <u>Jackson v. Mecklenburg Cnty., N.C.</u>, No. 3:07-cv-218, 2008 WL 2982468, at *2 (W.D.N.C. July 30, 2008) (unpublished)), <u>rev'd in part on other grounds</u>, 703 F.3d 636 (4th Cir. 2012). Under the applicable federal pleading standard, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

NCPDPA

Defendant contends that "Plaintiff's assertion of a claim under the ADA precludes her from filing a claim under [the NCPDPA]." (Docket Entry 7 at 6.) Specifically, Defendant points to Chapter 168A of the NCPDPA, which states in pertinent part:

> No court shall have jurisdiction over an action filed under this Chapter where the plaintiff has commenced federal judicial or administrative proceedings under . . . the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., as amended, or federal regulations promulgated under that Act, involving or arising out of the facts and circumstances involved in the alleged discriminatory practice under this Chapter. If such proceedings are commenced after a civil action has been commenced under this Chapter, the State court's

-4-

>    jurisdiction over the civil action shall end and the
>    action shall forthwith be dismissed.

N.C. Gen. Stat. § 168A-11(c). Despite this statutory language, Plaintiff, who does not argue that her NCPDPA claim arises from a separate set of facts and circumstances as does her ADA claim (see Docket Entry 8 at 5-6), contends that the foregoing provision does not bar her NCPDPA claim because, "at the time of Plaintiff [sic] filing of the claim in Durham County state court, there was not [sic] federal administrative proceeding pending." (Id. at 6.) Plaintiff's argument lacks merit.

Plaintiff appears to misread Bowling v. Margaret R. Pardee Mem'l Hosp., 179 N.C. App. 815, 635 S.E.2d 624 (2006) - the sole authority she cites in support of her position (see Docket Entry 8 at 5-6). In this regard, unlike in the instant action where Plaintiff brings her ADA and NCPDPA claims simultaneously, the plaintiff in Bowling filed a charge with the Equal Employment Opportunity Commission (EEOC) and, while that claim remained under investigation, separately filed suit in North Carolina state court under the NCPDPA, Bowling, 179 N.C. App. at 820, 635 S.E.2d at 628. In reviewing N.C. Gen. Stat. § 168A-11(c), the Bowling court noted that, "[u]sing clear and concise language, the General Assembly has disallowed concurrent jurisdiction over an [NCPDPA] claim and an ADA claim that arise out of the same facts and circumstances," id.; the court then, because of the plaintiff's separate EEOC and state court proceedings, went on to analyze the chronology of the plaintiff's EEOC charge and the state court NCPDPA filing to

determine whether jurisdiction was concurrent or whether "one claim or the other [had] completely concluded within the statute of limitations so that the [plaintiff] may move forward with the other," id. at 821, 635 S.E.2d at 629.  The simultaneous filing of Plaintiff's ADA and NCPDPA claims here renders such analysis unnecessary.  To the extent Bowling bears on this case, it simply stands for the proposition that N.C. Gen. Stat. § 168A-11(c) bars "concurrent jurisdiction" over an NCPDPA claim and an ADA claim.  That principle confirms the impropriety of Plaintiff's instant NCPDPA claim.

Morever, judges of this Court have consistently applied N.C. Gen. Stat. § 168A-11(c) to dismiss NCPDPA claims under circumstances akin to those here.  See, e.g., Watkins v. Lincoln Cmty. Health Ctr., Inc., No. 1:12CV1250, 2013 WL 2285250, at *2-3 (M.D.N.C. May 23, 2013) (Beaty, J.) (unpublished) (citing N.C. Gen. Stat. § 168A-11(c) and concluding that "the Court . . . lacks subject matter jurisdiction over Plaintiff's NCPDPA claim because such claim involves the same facts and circumstances as Plaintiff's ADA claim"); Morris v. BellSouth Telecomms., Inc., 302 F. Supp. 2d 515, 525 (M.D.N.C. 2004) (Bullock, J., adopting Recommendation of Eliason, M.J.) ("[T]he very statute that plaintiff relies on to bring her claim explicitly states that if she also brings a claim under the ADA, 'no court shall have jurisdiction' over the state law claim. N.C. Gen. Stat. [§] 168A-11(c).  Because plaintiff has raised her claims under the ADA, this Court does not have jurisdiction over her state law claim under N.C. Gen. Stat. [§]

168A-11 and it should be dismissed."); Cone ex. rel. Cone v. Randolph Cnty. Sch., 302 F. Supp. 2d 500, 514 (M.D.N.C. 2004) (Osteen, Sr., J.) ("[C]ourts will dismiss a plaintiff's claims under the NCPDPA when they arise out of the same facts as a claim under the . . . ADA."); Gottesman v. J.H. Batten, Inc., 286 F. Supp. 2d 604, 615 n.7 (M.D.N.C. 2003) (Bullock, J.) (citing N.C. Gen. Stat. § 168A-11(c) and stating: "Plaintiff's claim under the ADA and NCPDPA arise out of the same facts and circumstances. Plaintiff's NCPDPA claim fails as a matter of law for this reason as well."). Accordingly, the Court will dismiss Plaintiff's NCPDPA claim.

## FLSA

Next, Defendant contends that the Complaint fails to allege sufficient factual matter to state a claim under the FLSA because it is "entirely devoid of any detail regarding the workweeks in which the alleged 310 hours of unpaid overtime were accumulated, the nature of the work [Plaintiff] was performing, and most importantly, what she was actually paid during this time period." (See Docket Entry 7 at 8-9.) Plaintiff, on the other hand, contends that the Complaint contains sufficient allegations in that it states:

- "an employee/employer relationship existed between [Plaintiff] and Defendant" (Docket Entry 8 at 7 (citing Docket Entry 3, ¶ 9));
- "Defendant's business affected interstate commerce" (id. (citing Docket Entry 3, ¶ 9));

-7-

- "[Plaintiff] 'was a non-exempt salary employee and also was received [sic] a yearly salary of $39,000.00 per year, or otherwise stated as $21.12 per hour'" (id. (quoting Docket Entry 3, ¶ 10));
- "[Plaintiff] worked 310 hours of overtime without appropriate compensation" (id. (citing Docket Entry 3, ¶ 58));
- "[Plaintiff] made complaints to her immediate supervisor that the increase [sic] workload was resulting in large amounts of overtime" (id. (citing Docket Entry 3, ¶¶ 12, 13, 19, 22, 58, 59)); and
- "the Director of Human Relations testified at [Plaintiff's] hearing in front of the North Carolina Industrial Commission that Plaintiff's badge swipes showed that she routinely entered into the building after hours and on weekends" (id. (citing Docket Entry 3, ¶ 41)).

Plaintiff's argument in this regard has merit.

To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege: (1) that she worked overtime hours without compensation; and (2) that the employer knew or should have known that she worked overtime but failed to compensate her for it. See Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986). "Because, as a practical matter, the requirements to state such a claim are quite straightforward, courts have routinely held that plaintiffs satisfy this standard merely by alleging that their employers did not provide them with overtime pay even though they worked in excess of forty hours during the workweek." Calle v. Chul Sun Kang

-8-

Or, Civil Action No. DKC 11-0716, 2012 WL 163235, at *2 (D. Md. Jan 18, 2012) (unpublished).

Under the standards set by Iqbal and Twombly, Plaintiff's allegations state a FLSA claim. The Complaint alleges that, "[f]rom 2008 until her termination in October 2010, Plaintiff had earned over 310 hours of overtime" (Docket Entry 3, ¶ 58), that she "voiced complaints to her supervisor . . . about the workload which was in turn resulting in a large amount of overtime" (id., ¶ 13), that she "repeatedly inquired about how Defendant [] would address her overtime" (id., ¶ 59), and that she "has not been compensated for earned overtime" (id., ¶ 61).

Defendant's argument that "[t]he basic details needed to support her allegation that these overtime hours went unpaid are conspicuously absent from Plaintiff's Complaint" (Docket Entry 9 at 7 (emphasis in original)) appears to ignore the allegation, contained in paragraph 61 of the Complaint, that Plaintiff "has not been compensated for earned overtime" (Docket Entry 3, ¶ 61). Moreover, although Defendant stresses that Plaintiff did not allege the amount of pay she received during this period, a complaint need not contain such information to state a claim under the FLSA. See Davis, 792 F.2d at 1276. In addition, Plaintiff's alleged time range, i.e., "[f]rom 2008 until her termination in October 2010" (Docket Entry 3, ¶ 58) is sufficiently detailed. See, e.g., Long v. CPI Sec. Sys., Inc., No. 3:12-cv-396-RJC-DSC, 2012 WL 3777417, at *4 (W.D.N.C. Aug. 30, 2012) (unpublished) (finding complaint sufficient where the plaintiff alleged employment by the defendant

from May 2007 to May 2011 and estimated he worked 50 to 60 hour workweeks during that time); Davis v. Skylink LTD., No. 3:11-0094, 2011 WL 2447113, at *4 (S.D.W. Va. June 15, 2011) (unpublished) ("The plaintiffs need not provide a running list of specific work days for which they were not paid; it is enough that they have provided a factual statement charging as much."). In sum, the Complaint contains more than mere legal conclusions, but instead sets forth factual allegations sufficient to put Defendant on notice of the claim asserted against it and to state a plausible claim to relief under the FLSA. Accordingly, the Court will deny Defendant's instant Motion as to Plaintiff's claim for unpaid overtime under the FLSA.

## Wrongful Discharge

Lastly, Defendant contends that the Complaint fails to state a claim for wrongful discharge (based on retaliation for filing a worker's compensation claim) because it fails to allege that Plaintiff filed a worker's compensation claim or facts connecting such a filing to Plaintiff's termination. (See Docket Entry 7 at 13.) On this point, Defendant's argument has merit.

"[A] plaintiff may state a claim for wrongful discharge in violation of public policy where he or she alleges the dismissal resulted from an assertion of rights under the Worker's Compensation Act." Whiting v. Wolfson Casing Corp., 173 N.C. App. 218, 221, 618 S.E.2d 750, 753 (2005). In doing so, however, "[t]he plaintiff has the burden of pleading that the dismissal was causally related to the protected activity." Id. As an initial

-10-

matter, as Defendant notes (see Docket Entry 7 at 13), Plaintiff fails to allege that she filed a worker's compensation claim, but only that "HR instructed [Plaintiff] to file a Form-18 so that her injury would be evaluated under worker's compensation" (Docket Entry 3, ¶ 30). However, the Complaint does contain allegations regarding testimony that occurred "at a North Carolina Industrial Commission [] hearing regarding [Plaintiff's] worker's compensation claim," (Docket Entry 3, ¶ 44). (See id., ¶¶ 44, 46.) Although not a model of pleading clarity, because these allegations necessarily lead to the conclusion that Plaintiff filed a worker's compensation claim, the undersigned deems them to assert that Plaintiff filed a worker's compensation claim.

Regardless, the Complaint still lacks any allegations connecting such a filing to Plaintiff's termination. (See Docket Entry 3.) Indeed, even in Plaintiff's response to this causation argument, Plaintiff cites allegations regarding reactions to her injury itself rather than to the filing of a worker's compensation claim. (See Docket Entry 8 at 10.) Moreover, because the Complaint does not include the date of any worker's compensation claim filing (see Docket Entry 3), the Court cannot look to temporal proximity to satisfy the causation element, cf. Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011) ("While evidence as to the closeness in time far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a prima facie case of causality." (internal quotation marks omitted)). Accordingly, the Court will

-11-

dismiss Plaintiff's claim for wrongful discharge in violation of public policy for retaliation for filing a worker's compensation claim.

## Leave to Amend

In the conclusion of her Response, Plaintiff "requests the Courts [sic] permission to leave and Amend [sic] Complaint pursuant to Rule 15(a)" should the Court find the Complaint deficient. (Docket Entry 8 at 12.) Plaintiff, however, offers no indication of what form any such amendments might take. Under these circumstances, the Court declines to permit amendment in lieu of dismissal. See Montgomery v. Maryland, 72 F. App'x 17, 20 (4th Cir. 2003) ("[The plaintiff] failed to make a written motion to amend in the district court; her sentence at the end of a memorandum opposing a motion to dismiss does not satisfy the requirements of Fed. R. Civ. P. 7(b), governing the form of motions. See Ramsgate Court Townhome Assoc. v. West Chester Borough, 313 F.3d 157, 161 (3d Cir. 2002); Calderon v. Kansas Dep't of Soc. and Rehab. Serv., 181 F.3d 1180, 1185-87 (10th Cir. 1999). Therefore, the district court did not err in failing to act on such a motion."); accord Benoit v. United States Dep't of Agric., 608 F.3d 17, 21 (D.C. Cir. 2010); Begala v. PNC Bank, Ohio, Nat'l Assoc., 214 F.3d 776, 783-84 (6th Cir. 2000); Mincey v. World Sav. Bank, 614 F. Supp. 2d 610, 625 (D.S.C. 2008).

CONCLUSION

The Complaint alleges sufficient factual matter to state a claim for a violation of the FLSA, but the rest of the claims challenged by Defendant's instant Motion fail as a matter of law.

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) (Docket Entry 6) is **GRANTED IN PART** and **DENIED IN PART** in that Plaintiff's claims for violations of the NCPDPA and the NCWHA, as well as Plaintiff's claims for negligent infliction of emotional distress, wrongful discharge in violation of public policy for age discrimination, wrongful discharge in violation of public policy for retaliation for complaints under the NCWHA, and wrongful discharge in violation of public policy for retaliation for filing a worker's compensation claim are **DISMISSED**, but Plaintiff's claim for violation of the FLSA may proceed.

**IT IS FURTHER ORDERED** that the Clerk shall set this case for an Initial Pretrial Conference.

                                    /s/ L. Patrick Auld
                                   **L. Patrick Auld**
                          **United States Magistrate Judge**

August 27, 2013