# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOYCE ALSTON,                )
                             )
            Plaintiff,       )
                             )
     v.                      )      1:12CV452
                             )
BECTON, DICKINSON AND        )
COMPANY,                     )
                             )
            Defendant.       )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion for Extension of Time to Complete Discovery (Docket Entry 32) and Plaintiff's Amended Motion for Extension of Time to Complete Discovery and Mediation (Docket Entry 34). For the reasons that follow, the Court will deny the instant Motions, except as to the mediation deadline.

## BACKGROUND

Plaintiff instituted this action by filing a Complaint alleging various claims against Defendant, her employer. (Docket Entry 3.) On September 27, 2013, the parties agreed to and the Court adopted a Scheduling Order setting January 15, 2014, as the deadline for all discovery. (See Text Order dated Sept. 27, 2013.) Plaintiff's counsel, Evett Brown, then moved to withdraw on October 16, 2013 (Docket Entry 18), which Motion the Court granted (see Text Order dated Oct. 17, 2013). At that time, the Court advised Plaintiff that she would proceed pro se unless and until new

counsel appeared on her behalf and ordered the Clerk to provide Plaintiff with copies of the relevant Local Rules and Federal Rules of Civil Procedure, as well as related Forms, including those relating to the conduct of discovery. (See id.)

On November 4, 2013, Plaintiff moved to stay all proceedings indefinitely while she attempted to obtain new counsel. (See Docket Entry 19 at 1-2.) The Court denied that Motion, noting that "[t]he record reflect[ed] that Plaintiff agreed to the withdrawal of her prior counsel after the adoption of the scheduling order in this case and without requesting any alteration in the previously-adopted deadlines." (See Text Order dated Nov. 12, 2013.) At that time, the Court invited Plaintiff to seek a reasonable extension of specific deadlines if she believed that proceeding pro se would cause her to need more time. (Id.) Rather than seek more time to conduct discovery, on November 15, 2013, Plaintiff again moved to stay all proceedings, for 45 days or until she could obtain new counsel. (See Docket Entry 23 at 1.) The Court denied that Motion as moot on January 12, 2014 (Text Order dated Jan. 12, 2014), due to the appearance of attorney Christina Lollar on Plaintiff's behalf on January 10, 2014 (see Docket Entry 31).

Plaintiff filed the instant Motion on January 14, 2014, one day before the close of discovery, "requesting additional time to allow Ms. Lollar to engage in discovery on her behalf, including

-2-

taking the depositions of several of Defendant's employees (limited to 4) and to serve written discovery requests." (Docket Entry 32 at 2.) Defendant responded in opposition, asserting that, "Plaintiff's Motion presents nothing demonstrating good cause and . . . . appears premised on the fact that she needs additional time in order to conduct discovery because she has obtained new counsel last week." (Docket Entry 33 at 3-4.) Plaintiff replied (Docket Entry 35) and also filed an Amended Motion to Extend (Docket Entry 34), adding a request to continue the mediation deadline, as well as an assertion that "Plaintiff has made diligent efforts to carry out discovery in this matter" (see Docket Entry 34 at 1-3). To avoid further delay associated with briefing on the instant Amended Motion, the Court scheduled the matter for a hearing on January 27, 2014. (See Docket Entry dated Jan. 22, 2014.) At the hearing, counsel for both sides presented arguments and the Court took the matter under advisement. (See Docket Entry dated Jan. 27, 2014.)[1]

## DISCUSSION

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added).[2]

---

[1] The Court also orally authorized the extension of the mediation deadline to March 3, 2014, on the grounds that denying an extension of that deadline would undermine the Court's local rules which require mediation in this case.

[2] Prior to the 1983 amendment of Federal Rule of Civil Procedure 16 that mandated entry of scheduling orders, courts had experimented with them. See Fed. R. Civ. P. 16 advisory
(continued...)

"[T]he touchstone of 'good cause' under [Federal] Rule [of Civil Procedure] 16(b) is <u>diligence</u>." Marcum v. Zimmer, 163 F.R.D. 250, 255 (S.D. W. Va. 1995) (emphasis added); <u>see also</u> Fed. R. Civ. P. 16 advisory comm.'s note, 1983 Amend., Discussion, Subdiv. (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the <u>diligence</u> of the party seeking the extension." (emphasis added)); M.D.N.C. R. 26.1(d) (providing that motions seeking to extend discovery period "must

---

²(...continued)
committee's note, 1983 Amend., Discussion, Subdiv. (b). In <u>Barwick v. Celotex Corp.</u>, 736 F.2d 946 (4th Cir. 1984), the United States Court of Appeals for the Fourth Circuit confronted an appeal related to a scheduling order entered by a district court prior to the adoption of the 1983 Amendment. In affirming the district court's enforcement of the scheduling order in that case, the Fourth Circuit stated: "The requirements of the pretrial order are not set in stone, but may be relaxed for <u>good cause, extraordinary circumstances, or in the interest of justice</u>." <u>Id.</u> at 954 (emphasis added). The existing Federal Rule of Civil Procedure 16(b) permits modification of scheduling orders "<u>only</u> for good cause," Fed. R. Civ. P. 16(b)(4) (emphasis added), and thus does not authorize alteration of scheduling order deadlines based upon a showing of "extraordinary circumstances" or "in the interest of justice," as <u>Barwick</u> did in connection with scheduling orders entered prior to the 1983 Amendment. It does not appear that the Fourth Circuit has repeated the relevant <u>Barwick</u> language in a published opinion construing a scheduling order adopted pursuant to the post-1983 Amendment version of Federal Rule of Civil Procedure 16. The Fourth Circuit, however, has quoted that excerpt from <u>Barwick</u> in a few unpublished decisions, including, most recently, <u>Wall v. Fruehauf Trailer Servs., Inc.</u>, 123 F. App'x 572, 576 (4th Cir. 2005), but without addressing the intervening amendment of Federal Rule of Civil Procedure 16. Plaintiff has not relied on <u>Barwick</u> (or its unpublished progeny) (<u>see</u> Docket Entries 32, 34) and, if she had, the Court would hold that the <u>Barwick</u> standard did not survive the 1983 Amendment, <u>see</u> <u>Halpern v. Wake Forest Univ. Health Scis.</u>, 268 F.R.D. 264, 273-74 (M.D.N.C. 2010), <u>aff'd</u>, No. 1:09CV474 (M.D.N.C. Sept. 20, 2010) (Tilley, J.) (unpublished).

-4-

set forth good cause justifying the additional time and will be granted or approved <u>only</u> upon a showing that the parties have <u>diligently pursued discovery</u>" (emphasis added)).  Under this standard, the instant Motions offer no basis for the Court to conclude that Plaintiff acted with reasonable diligence in pursuing the discovery which she now seeks an extension of time to pursue.

Plaintiff's instant Motion contends that she diligently worked to locate new counsel and to respond to discovery requests from opposing counsel.  (Docket Entry 35 at 4-6.)  However, such a showing of diligence in other activities does not demonstrate that Plaintiff diligently <u>pursued</u> discovery.  Plaintiff now requests additional time to depose Defendant's employees and serve written discovery requests (<u>see</u> Docket Entry 32 at 2), but her filings do not identify <u>any</u> efforts on her part to conduct such activities during the discovery period (<u>see</u> <u>id.</u>; Docket Entry 34 at 1-3; Docket Entry 35 at 3-5).  At the hearing, Plaintiff's counsel admitted that Plaintiff had not served any written discovery requests or taken any concrete steps to depose any witnesses.

With respect to Plaintiff's efforts to secure new counsel, "a delay [in the conduct of discovery] attributed to a change in counsel does not constitute good cause [for an extension of the discovery period] because new counsel is bound by the actions of their predecessor." <u>Carlson v. Geneva City Sch. Dist.</u>, 277 F.R.D. 90, 96 (W.D.N.Y. 2011) (internal quotation marks omitted).

Consistent with that notion, the Court clearly communicated to Plaintiff that the withdrawal of her counsel did not relieve her of the obligation to conduct any discovery she wished to pursue. Upon granting Ms. Brown's Motion to Withdraw, the Court specifically instructed Plaintiff that she would have to proceed pro se unless and until another attorney appeared on her behalf. (Text Order dated Oct. 17, 2013.) At that time, the Court also provided Plaintiff with the applicable rules and forms concerning discovery. (Id.) Similarly, the Court denied Plaintiff's first Motion to Stay, finding an absence of good cause. (See Text Order dated Nov. 12, 2013.)

At the hearing, Plaintiff's counsel contended that her client acted with reasonable diligence by seeking a stay of discovery. However, the mere filing of a motion to stay does not effect a stay. See, e.g., Tinsley v. Kemp, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay - even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities."). Moreover, the record reflects Plaintiff understood that filing a motion to stay did not put the case on hold pending the Court's ruling, because she took some steps to meet Defendant's demands during that period. In that regard, Plaintiff filed her second Motion to Stay on November 15, 2013. (Docket Entry 23.) On

November 26, 2013, Defendant filed a Motion to Compel (Docket Entry 25), but withdrew it on January 3, 2014, because "Plaintiff [] ha[d] since furnished her Initial Disclosures to [Defendant]" (Docket Entry 30 at 1). Given that Ms. Lollar admitted at the hearing that she did not speak to Plaintiff until January 6, 2014, and the Court did not rule on the second Motion to Stay until January 12, 2014, Plaintiff apparently recognized that seeking a stay did not put the case on hold.

Nor does Plaintiff's pro se status during part of the discovery period excuse her failure to pursue discovery in a timely manner. "Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" Dancy v. Univ. of N.C. at Charlotte, 3:08-CV-166-RJC-DCK, 2009 WL 2424039 (W.D.N.C. Aug. 3, 2009) (unpublished) (quoting Ballard v. Carlson, 882 F. 2d 93, 96 (4th Cir. 1989)); see also DeWitt v. Hutchins, 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004) ("[A] party's failure to comply with a scheduling order due to inattention, error, or unfamiliarity with court procedures will not be excused by [her] pro se status . . . . Accordingly, 'pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.'" (quoting Jones v. Phillips, 39 F.3d 158, 163 (7th Cir. 1994)).

As a final matter, Plaintiff's reliance on this Court's decision in Kinetic Concepts, Inc. v. Convatec Inc., No. 1:08CV918, 2010 WL 1418312 (M.D.N.C. Apr. 2, 2010) (unpublished), in her reply brief (see Docket Entry 35 at 2-3, 5) and at the hearing, does not provide the Court with a basis to find good cause to extend discovery in this case. Rather, the cases cited in Kinetic Concepts and referenced by Plaintiff support the contrary proposition that a party who waits until the last minute to pursue discovery has not shown good cause to extend discovery. See id. at *5 (quoting statement in Mitchell v. Trend Setting Designs, Inc., No. 1:08CV554, 2009 WL 3643482, at *2 (W.D.N.C. Oct. 29, 2009) (unpublished), that "plaintiff [who] waited until discovery was nearly over before he propounded his first discovery requests" failed to show good cause and quoting Smith v. United Steelworkers of Am., Civ. A. No. 2:04-0499, 2007 WL 2477345 (S.D. W. Va. Aug. 29, 2007) (unpublished), for its holding rejecting finding of good cause where "[p]laintiff did not initiate written discovery [or] take any depositions").

In sum, a scheduling order represents "the critical path chosen by the [Court] and the parties to fulfill the mandate of [Federal] Rule [of Civil Procedure] 1 in securing the just, speedy, and inexpensive determination of every action." Marcum, 163 F.R.D. at 253 (internal brackets and quotation marks omitted); see also Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 594 (7th

Cir. 2012) (reaffirming "that district courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal"); Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., No. 1:03CV537, 2005 WL 6043267, at *3 (M.D.N.C. July 7, 2005) (unpublished) (citing this Court's "history of strict adherence to discovery schedules"). The instant Motions do not provide adequate grounds to alter that path in this case.

## CONCLUSION

Plaintiff has not shown good cause to extend the discovery period.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to Complete Discovery (Docket Entry 32) and Amended Motion for Extension of Time to Complete Discovery and Mediation (Docket Entry 34) are **DENIED**, except that the Court extends the mediation deadline to March 3, 2014.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
January 30, 2014